# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

                                   Plaintiff,

        v.                                                        5:22-CV-480
(DNH/ATB)

RAMADA CARRIER CIRCLE and
INDEED,

                                   Defendants.

---

ROBERT W. JOHNSON,

                                     Plaintiff,

        v.                                                        5:22-CV-511
(DNH/ATB)

COURTYARD SYRACUSE DOWNTOWN
AT ARMORY SQUARE and MARRIOTT
BONVOY,

                                   Defendants.

---

ROBERT W. JOHNSON,

                                     Plaintiff,

        v.                                                        5:22-CV-512
(DNH/ATB)

QUALITY INN & SUITES DOWNTOWN
and CHOICE HOTELS,

                                   Defendants.

---

ROBERT W. JOHNSON,

                                     Plaintiff,

        v.                                                        5:22-CV-513
(DNH/ATB)

SPRINGHILL SUITES CLEVELAND
INDEPENDENCE and MARRIOTT BONVOY,

                                   Defendants.

ROBERT W. JOHNSON,

                    Plaintiff,

        v.                                           5:22-CV-514 (DNH/ATB)

COURTYARD ERIE BAYFRONT
and MARRIOTT BONVOY,

                    Defendants.

---

ROBERT W. JOHNSON,

                    Plaintiff,

        v.                                           5:22-CV-524 (DNH/ATB)

EXTENDED STAY AMERICA, ESA
MANAGEMENT LLC and INDEED,

                    Defendants.

---

ROBERT W. JOHNSON,

                    Plaintiff,

        v.                                       5:22-CV-526 (DNH/ATB)

BEST WESTERN PLUS
and INDEED,

                    Defendants.

---

ROBERT W. JOHNSON,

                    Plaintiff,

        v.                                       5:22-CV-527 (DNH/ATB)

SPRINGHILL SUITES SYRACUSE
CARRIER CIRCLE and INDEED,

                    Defendants.

---

ROBERT W. JOHNSON,

                    Plaintiff,

        v.                                       5:22-CV-528 (DNH/ATB)

RED ROOF INN #157 and INDEED,

                    Defendants.

ROBERT W. JOHNSON,

                                        Plaintiff,

                    v.                                                  5:22-CV-529
                                                                        (DNH/ATB)
HAMPTON BY HILTON
and INDEED,

                                        Defendants.

---

ROBERT W. JOHNSON,

                                        Plaintiff,

                    v.                                                  5:22-CV-530
                                                                        (DNH/ATB)
MOTEL 6 and INDEED,

                                        Defendants.

---

ROBERT W. JOHNSON,

                                        Plaintiff,

                    v.                                                  5:22-CV-531
                                                                        (DNH/ATB)
EMBASSY SUITES BY HILTON
and INDEED,

                                        Defendants.

---

ROBERT W. JOHNSON,

                                        Plaintiff,

                    v.                                                  5:22-CV-532
                                                                        (DNH/ATB)
AMERICAS BEST VALUE INN
and INDEED,

                                        Defendants.

---

ROBERT W. JOHNSON,

                                        Plaintiff,

                    v.                                                  5:22-CV-533
                                                                        (DNH/ATB)
FAIRFIELD BY MARRIOTT SYRACUSE
CARRIER CIRCLE and INDEED,

                                        Defendants.

ROBERT W. JOHNSON,

                  Plaintiff,

       v.                                    5:22-CV-534 (DNH/ATB)

CRESTHILL SUITES and INDEED,

                  Defendants.

---

ROBERT W. JOHNSON,

                  Plaintiff,

       v.                                    5:22-CV-535 (DNH/ATB)

EXECUTIVE EAST SYRACUSE HOTEL LLC and INDEED,

                  Defendants.

---

ROBERT W. JOHNSON,

                  Plaintiff,

       v.                                    5:22-CV-536 (DNH/ATB)

RODEWAY INN BY CHOICE HOTELS and INDEED,

                  Defendants.

---

ROBERT W. JOHNSON,

                  Plaintiff,

       v.                                    5:22-CV-537 (DNH/ATB)

DAYS INN BY WINDHAM SYRACUSE and INDEED,

                  Defendants.

---

ROBERT W. JOHNSON,

                  Plaintiff,

       v.                                    5:22-CV-538 (DNH/ATB)

CANDLEWOOD SUITES EAST SYRACUSE and INDEED,

                  Defendants.

4

ROBERT W. JOHNSON,

                        Plaintiff,

        v.                                          5:22-CV-539
(DNH/ATB)

DOUBLETREE BY HILTON
SYRACUSE and INDEED,

                        Defendants.

---

ROBERT W. JOHNSON,

                        Plaintiff,

        v.                                          5:22-CV-540
(DNH/ATB)

HOMETOWN INN BY RED
ROOF and INDEED,

                        Defendants.

---

ROBERT W. JOHNSON, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Plaintiff Robert W. Johnson commenced the twenty-one above-captioned actions in May 2022, within the span of three days. In each, he seeks leave to proceed in forma pauperis ("IFP"). Plaintiff also filed a motion to appoint counsel in the majority of the above-captioned actions.

## I.    IFP Applications

Plaintiff consistently declares that he is unable to pay the filing fee.[1] After reviewing each of plaintiff's IFP applications, this court finds that plaintiff is

---

[1] *See, e.g.,* 5:22-CV-480 (DNH/ATB) (Dkt. No 2) (wherein plaintiff declares that he is not incarcerated, he is not employed, he has no take home wages, he has not received other income in the past twelve months, he has no money in cash or in checking or savings accounts, he has no items of value, he has no expenses, and he has no debts or financial obligations).

financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in his complaints in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.  **Complaint**

Plaintiff filed some of the above-captioned actions on form complaints for employment discrimination based on age.  The remainder were filed on form complaints pursuant to 42 U.S.C. § 1983.  Regardless, plaintiff's submissions allege, in conclusory fashion, that he was "denied employment" by each of the various named hotel-defendants.  Plaintiff generally contends that he was "discriminated against" by these entities, and "denied . . . employee/employer policy records and due process rights for employee applicants."[2]  He also states that "no valid reason" was given for denying him employment.[3]

Plaintiff has also named Indeed as a defendant in the majority of the above-captioned actions.  Plaintiff alleges that Indeed "falsified ads and employment," and

---

[2]*See* No. 5:22-CV-480 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-524 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-526 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-527 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-528 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-529 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-530 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-531 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-532 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-533 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-534 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-535 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-536 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-537 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-538 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-539 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-540 (DNH/ATB) (Dkt. No. 1 at 3).

[3]*See* No. 5:22-CV-511 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-512 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-513 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-514 (DNH/ATB) (Dkt. No. 1 at 3).

failed to provide him with "policy records, fair hearings and employee incentives for future employment."[4]

Having carefully reviewed the submissions at bar, the court initially finds that they fail to meet the pleading standards of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8 requires a "'short and plain statement'" of a claim, showing that 'the pleader is entitled to relief.'" *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting Fed. R. Civ. P. 8(a)). Each statement must be "'simple, concise, and direct,' and must give 'fair notice of the claims asserted.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.*

Here, plaintiff's consistent failure to plausibly allege the basic elements of an employment discrimination/failure-to-hire claim under any of the potentially relevant federal statutes compels dismissal under Rule 8.[5]  *See Bailey-Lynch v. Mid Town*

---

[4]*See* No. 5:22-CV-480 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-524 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-526 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-527 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-528 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-529 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-530 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-531 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-532 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-533 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-534 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-535 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-536 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-537 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-538 (DNH/ATB) (Dkt. No. 1 at 3); No. 5:22-CV-539 (DNH/ATB) (Dkt. No. 1 at 3), No. 5:22-CV-540 (DNH/ATB) (Dkt. No. 1 at 3).

[5]The elements of a claim for discriminatory failure to hire, whether brought under Title VII or the ADEA, are substantially similar for initial pleading purposes. *See, e.g., Ruszkowski v. Kaleida Health Sys.*, 422 F. App'x 58, 60 (2d Cir. 2011) (In assessing plaintiff's discrimination claims under both Title VII and the ADEA, recognizing that "plaintiff bears the initial burden of proving a prima facie case by a preponderance of the evidence by establishing that: (1) he is a member of a protected class; (2) he was qualified for the position for which he applied; (3) he was denied the position; and (4) the denial occurred under circumstances giving rise to an inference of discrimination.").

*Promotions, Inc.*, No. 10-CV-8S, 2012 WL 1883750, at *2 (W.D.N.Y. May 22, 2012)

("[A] complaint 'fail[ing] to allege even the basic elements of a discriminatory action

claim' is subject to dismissal.") (citing *Patane v. Clark*, 508 F.3d 106, 112 n. 3 (2d Cir.

2007)).  Specifically, plaintiff has not alleged that he belonged to a protected class,[6] or

that he was qualified for the employment positions at issue.  Nor has plaintiff plead any

facts that remotely give rise to an inference of discrimination.

To the extent plaintiff is asserting a due process claim under 42 U.S.C. § 1983,

he has, at a minimum, failed to allege any state action by a state actor defendant that

would support this court's jurisdiction over such claims.  *See Dahlberg v. Becker*, 748

F.2d 85, 92 (2d Cir. 1984) ("Bearing in mind that it requires both state action and a

state actor for plaintiff to state a viable cause of action under § 1983, a failure [to]

sufficient[ly] . . . allege either defeats plaintiff's cause.").

What's more, the submissions at bar reflect plaintiff's historical abuse of the

judicial process.  This is not the first barrage of frivolous complaints filed by the

plaintiff.  As of the date plaintiff filed the instant complaint, he was already subject to

numerous bar orders and filing injunctions in the Southern District of New York,

District of Connecticut, and Southern District of Ohio.  *See, e.g., Johnson v. Wolf*,

1:19-CV-07337 (S.D.N.Y.) (filed 07/12/20); *Johnson v. New York Police Dep't*,

1:20-CV-01368 (S.D.N.Y.) (filed 08/13/20); *Johnson v. Town of Onondaga*,

1:19-CV-11128 (S.D.N.Y.) (filed 04/01/21); *Johnson v. Vera House, Inc.*,

---

[6]Plaintiff states that he was born in 1984, and was 38 years old at the time of the alleged discriminatory acts.  *See, e.g.*, No. 5:22-CV-511 (DNH/ATB) (Dkt. No. 1 at 3).  "Under the ADEA, individuals ages forty and over are members of the protected class."  *Hatch v. Brennan*, 792 F. App'x 875, 880 (2d Cir. 2019) (citing *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001)).

3:22-CV-00314 (D. Conn.) (filed 3/18/22); *Johnson v. Coe*, 2:19-CV-02428,

2:19-CV-02490, 2:19-CV-02865 (S.D. Ohio) (filed 08/5/2019) (deeming Plaintiff a

"vexatious" litigant and barring him from filing new pro se actions without prior leave

of court).

In addition, plaintiff has been warned by the Second Circuit that the continued

filing of frivolous appeals could result in a filing injunction. *See Johnson v. Wolfe*,

19-3891, 2020 WL 2544909, at *1 (2d Cir. May 7, 2020) ("Appellant has filed several

frivolous matters in this Court, including his appeals docketed under 2d Cir. 19-1688,

19-2174, 19-2235, 19-3657, 19-3889, 19-3891, and 19-4062. Appellant has previously

been warned against filing new frivolous appeals. See 2d Cir. 19-4062, doc. 22; 2d Cir.

19-3889, doc. 49. Accordingly, Appellant is warned that the continued filing of

duplicative, vexatious, or clearly meritless appeals, motions, or other papers could

result in the imposition of both a monetary sanction and a sanction that would require

Appellant to obtain permission from this Court prior to filing any further submissions in

this Court (a "leave-to-file" sanction).").

Plaintiff's abusive litigation tactics have also since been recognized and

addressed in this district.  On May 6, 2022, Chief District Judge Glenn T. Suddaby of

the Northern District of New York issued an order to show cause, directing the plaintiff

to show why he should not be enjoined from filing any future pleadings or documents

in this district pro se, without prior permission to do so.  *See In re Johnson*, No.

5:22-PF-0003 (GTS), 2022 WL 1443311, at *4 (N.D.N.Y. May 6, 2022).  The order to

show cause was issued in response to plaintiff filing forty-five pro se civil rights

10

actions in this district in a period of only ten days, between April 26, 2022 and May 5, 2022. *Id.* at *2. Instead of properly responding to the order to show cause, plaintiff subsequently filed another twenty-two "similarly questionable civil actions pro se."[7] *See In re Johnson*, No. 5:22-PF-0003 (GTS), 2022 WL 1597718, at *1 (N.D.N.Y. May 19, 2022) (listing new actions). Accordingly, on May 19, 2022, Judge Suddaby permanently enjoined plaintiff from filing any pleadings or documents as a pro se plaintiff in this district without prior permission.[8] *Id.* at *1.

Here, the pleading deficiencies in each of the above-captioned complaints prove fatal to plaintiff's claims. The court is further convinced of the frivolousness of plaintiff's allegations, considering plaintiff's conclusory, across-the-board allegations of discrimination as to each of the twenty-one separate hotel-defendants, and his noted history as a vexatious litigant. Accordingly, the undersigned recommends dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## III. <u>Opportunity to Amend</u>

### A. **Legal Standards**

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is

---

[7] Those actions include some of, but not all, the above-captioned actions relevant to the instant report and recommendation.

[8] The pre-filing order is not applicable to cases that were already open at the time of its issuance, which includes the above-captioned actions. *In re Johnson,* 2022 WL 1597718, at *1.

present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.     Application

Plaintiff has a history of filing multiple cases, often making frivolous allegations, that are dismissed at the screening stage. *See Johnson v. Progressive.com*, 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (denying leave to amend "in light of Plaintiff's abusive litigation history"); *Johnson v. Monro Muffler Brake & Service*, 2:22-cv-00032-WKS (D. Vt.) ECF. Dkt. No. 2. (same). He is now subject to pre-filing injunctions in multiple districts, including the Northern District, and has been warned of the same consequence by the Second Circuit. In light of plaintiff's abusive litigation history, and considering the frivolous manner in which plaintiff has inundated the docket with twenty-one nearly identical, deficiently-plead complaints, the court recommends denying leave to amend.

### IV.    <u>Appointment of Counsel</u>

Because this court has found that plaintiff's complaints should be dismissed under section 1915, any accompanying motions for appointment of counsel are moot and, accordingly, denied.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motions to proceed IFP are **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the twenty-one (21) above-captioned actions be

**DISMISSED WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B), and it is

ORDERED, that plaintiff's motions for appointment of counsel[9] are **DENIED AS MOOT**, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 21, 2022

Andrew T. Baxter
U.S. Magistrate Judge

---

[9]No. 22-CV-480 (DNH/ATB) (Dkt. No. 3); No. 22-CV-524 (DNH/ATB) (Dkt. No. 3); No. 22-CV-526 (DNH/ATB) (Dkt. No. 3); No. 22-CV-527 (DNH/ATB) (Dkt. No. 3); No. 22-CV-528 (DNH/ATB) (Dkt. No. 3); No. 22-CV-529 (DNH/ATB) (Dkt. No. 3); No. 22-CV-530 (DNH/ATB) (Dkt. No. 3); No. 22-CV-531 (DNH/ATB) (Dkt. No. 3); No. 22-CV-532 (DNH/ATB) (Dkt. No. 3), No. 22-CV-533 (DNH/ATB) (Dkt. No. 3); No. 22-CV-534 (DNH/ATB) (Dkt. No. 3); No. 22-CV-535 (DNH/ATB) (Dkt. No. 3); No. 22-CV-536 (DNH/ATB) (Dkt. No. 3); No. 22-CV-537 (DNH/ATB) (Dkt. No. 3); No. 22-CV-538 (DNH/ATB) (Dkt. No. 3); No. 22-CV-539 (DNH/ATB) (Dkt. No. 3); No. 22-CV-540 (DNH/ATB) (Dkt. No. 3).